**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| TERENCE PASSMORE,<br><br>              Petitioner-Appellant,<br><br>v.<br><br>DAN O'FALLON and ATTORNEY GENERAL FOR THE STATE OF MONTANA,<br><br>              Respondents-Appellees. | No.    16-35685<br><br>D.C. No. 1:13-cv-00121-CSO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Carolyn S. Ostby, Magistrate Judge, Presiding

Submitted May 10, 2018[**]
Seattle, Washington

Before:  GOULD and IKUTA, Circuit Judges, and TUNHEIM,[***] Chief District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

Terence Passmore appeals the district court's order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The state court's rejection of Passmore's claims that his due process and effective assistance of counsel rights were violated due to the presence of Dixie Jimison on the jury was not an unreasonable application of Supreme Court precedent. It is irrelevant that the state court did not expressly address these claims, given that there was a "reasonable basis for the state court to deny relief." *Reis-Campos v. Biter*, 832 F.3d 968, 974 (9th Cir. 2016) (quoting *Harrington v. Richter*, 562 U.S. 86, 98 (2011)). There is no evidence that Jimison was unable to put aside her initial impression and "render a verdict based on the evidence presented," and "the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is [not] sufficient to rebut the presumption of a prospective juror's impartiality." *Murphy v. Florida*, 421 U.S. 794, 800 (1975) (quoting Irvin v. Dowd, 366 U.S. 717, 723 (1961)); *see Skilling v. United States*, 561 U.S. 358, 396 (2010). Therefore, the due process claim fails. Moreover, because the state court could reasonably conclude that the trial court would not have stricken Jimison for cause, and thus that Jimison's presence on the jury did not prejudice Passmore, its rejection of Passmore's claim for ineffective assistance of counsel based on counsel's failure to strike Jimison was not an

unreasonable application of Supreme Court precedent. *See Wainwright v. Witt*, 469

U.S. 412, 424 (1985); *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Contrary to the district court's order, the state habeas court did not need to

make a credibility finding in order to conclude that Jimison's presence on the jury

would not deprive Passmore of a fair trial. Because no evidentiary hearing is

required when the factual allegations, even if proven, do not state a case for habeas

relief, the state court's rejection of Passmore's juror bias claims was not based on

an unreasonable determination of the facts. *See Hibbler v. Benedetti*, 693 F.3d

1140, 1148 (9th Cir. 2012).

Further, the state court could reasonably conclude that counsel's failure to

highlight minor inconsistencies in J.R.'s otherwise consistent story told from 1998

through the criminal trial in 2006 was not prejudicial. Therefore its rejection of

Passmore's claim for ineffective assistance of counsel was not an unreasonable

application of *Strickland*.

Finally, we reject Passmore's ineffective assistance of counsel claim based

on the cumulative effect of counsel's conduct. The failure to present Popejoy's

cumulative testimony did not prejudice Passmore in light of Edna Miller's detailed

account of Passmore's sexual interest in C.R., where Miller stated that she saw

3

Passmore "joggling" C.R. "up and down" as she "straddled" Passmore's legs. *See Woods v. Sinclair*, 764 F.3d 1109, 1125 (9th Cir. 2014).

**AFFIRMED.**